IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Singleton f/k/a Michael A. Singleton #1081861 f/k/a Michael A. Singleton #63483 a/k/a JUSTICE,<br><br>    Plaintiff,<br><br>v.<br><br>Warden Bernard McKie a/k/a Warden Mackey; Mr. William Byers; Ms. Lighsner; Mr. D. Wesley; and Dr. John Doe,<br><br>    Defendants. | Civil Action No.2:11-cv-676-TLW-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment (Dkt. No. 43) and Plaintiff's "Motion for Summary Judgment and Request for Discovery" (Dkt. No. 49).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about March 22, 2011, and he filed an Amended Complaint on or about July 11, 2011. (See Dkt. No. 1; see also Dkt. No. 21.) On August 25, 2011, the undersigned issued a Report and Recommendation ("R&R"), recommending that the Amended Complaint be dismissed without prejudice and without service of process. (Dkt. No. 32.) Around the same time, Plaintiff filed a Motion to Amend/Correct Complaint. (See Dkt. No. 35.) On August 31, 2011, the undersigned issued an Order denying Plaintiff's Motion to Amend. (See Dkt. No. 36.) On October 24, 2011, the

Honorable Terry L. Wooten entered a Text Order finding the R&R dated August 25, 2011, moot. (See Dkt. No. 47.) Judge Wooten's Order stated:

> After careful review and consideration, the Court finds that the Report and Recommendation filed August 25, 2011 is MOOT in light of the Order entered by the Magistrate Judge on August 31, 2011 denying Plaintiff's Motion to Amend or Correct his Complaint. At this time, the case shall proceed on the original complaint which was filed March 22, 2011. IT IS SO ORDERED.

(Id.)

Any dispositive motion filed on behalf of Defendant McKie was due to be filed by October 11, 2011. On October 10, 2011, Defendant McKie filed a Motion for Extension of Time to Complete Discovery. (See Dkt. No. 41.) Before the undersigned ruled on that motion, however, Defendant McKie filed his Motion for Summary Judgment on October 11, 2011. (See Dkt. No. 43.) On October 12, 2011, the undersigned granted McKie's Motion for Extension of Time; that Order stated,

> Defendant Bernard McKie shall have until November 10, 2011 to complete discovery and supplement his motion for summary judgment. The time for Plaintiff's response is hereby delayed, such that Plaintiff's time to respond does not begin running until such supplemental motion is actually filed or Defendant Bernard McKie otherwise indicates via a filed document that he does not intend to so supplement. AND IT IS SO ORDERED.

(Dkt. No. 45.) Defendant McKie supplemented his Motion for Summary Judgment on November 9, 2011. (See Dkt. No. 55.) By order filed November 10, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 58.) Plaintiff filed his Response in Opposition on or about November 28, 2011. (Dkt. No. 62.)

On or about October 24, 2011, Plaintiff filed a "Motion for Summary Judgment and Request for Discovery." (See Dkt. No. 49.) Defendant McKie filed a Response in Opposition to this motion on November 9, 2011. (See Dkt. No. 57.)

2

Proceeding on the Original Complaint, filed on or about March 22, 2011, the undersigned herein evaluates Defendant's Motion for Summary Judgment (Dkt. No. 43) and Plaintiff's "Motion for Summary Judgment and Request for Discovery" (Dkt. No. 49).

## **PROCEDURAL FACTS**

Plaintiff, who is currently housed at Evans Correctional Institution ("ECI"), alleges claims pursuant to 42 U.S.C. § 1983, for events that allegedly occurred at Kirkland Correctional Institution. The two-page Complaint filed by Plaintiff on or about March 22, 2011, states, in toto (verbatim):

> The Plaintiff comes to the most honorable Court of the Federal District of South Carolina, pursuant to his justice derivation conflict of interest, existing with his Greenville S.C. District Court filings, forcing him to the Court to have fully processed in formas paperist [sic], and appointed legal counsel, for a competent assist to the Plaintiff's pro se pursuit of being justly compensated, for him being blatantly alienated form privileges of an American legal citizen, within the defendants systematic use of terror, that holds the Plaintiff in a constant state of intense fear, to an inhumane degree.
> The Plaintiff submits this Complaint for him being held a prisoner, in an institution that alienates him of basic, individual, human rights, to an cruel and unusual, punishing degree. The failure of this actions Defendants to respond to the Plaintiff's submitted requests and grievances from the week of his arrival, to the date of this writing 3-18-11, holds the Plaintiff denied his procedural due process rights, to this state of South Carolina, government actor's enforcement actions, within the listed Defendants' operations, that holds the Plaintiff abridged from immunities of an human being born in the USA. The established rules, regulations, policies etc. has subjected Plaintiff to him being alienated from the human right to 3 edible meals a day, subjecting him to a cruel and unusually punishing sentence of an 6 day[,] 5 night hospital stay and numerous days of recovering from the inhumane provided meals. The discriminating policies of the R+E inmates in the Defendants' policies, alienate him from privileges of other inmates. The Plaintiff seeks an punitive awarding to be determined by a jury, for the Defendants subjecting him to cruel and unusual punishment.

(Dkt. No. 1 at 1-2.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

**A.    The Parties' Arguments**

In his Motion for Summary Judgment filed on October 11, 2011, McKie contends he is entitled to summary judgment for the following reasons:

> (1) . . . the Complaint fails to state facts sufficient to constitute a cause of action under 42 U.S.C. §1983; (2) . . . Plaintiff's claims against Defendant McKie in his official capacity are barred by the Eleventh Amendment; and (3) . . . Plaintiff's claims against Defendant McKie in his individual capacity are barred by the doctrine of qualified immunity.

(Dkt. No. 43 at 1.) McKie also states that Plaintiff "fails to articulate any particular complaint directly related to Warden McKie in his personal or official capacity." (Id. at 2.) According to Defendant, Plaintiff's "Complaint makes rambling accusations generally related to the restrictions that are typically associated with being incarcerated." (Id. at 4.) In his

4

Supplemental Memorandum in Support of Summary Judgment (Dkt. No. 55), McKie supplements his previous Motion for Summary Judgment "to include an additional ground that Plaintiff has failed to exhaust his administrative remedies prior to filing suit." (Dkt. No. 55 at 1.)

Plaintiff filed his Response in Opposition to Defendant's Motion for Summary Judgment on or about November 21, 2011. (See Dkt. No. 62.) Citing Helling v. McKinney, 509 U.S. 25 (1993), Plaintiff states that a "[p]rison official violates the federal constitution when he acts with deliberate indifference to prison conditions that expose[] humans to unreasonable risk of harm." (Dkt. No. 61 at 1 of 5.) Plaintiff states that he is being subjected to "retaliation for pursuing" the instant claim and alludes to his legal mail. (Id. at 2.) Plaintiff states,

> The Plaintiff being forced to eat meals within 3 minutes, being allowed one cup of liquid to flush down meal, is a form of torture which has landed the Plaintiff with an internal injury to his digestive system, that hospitalized Plaintiff 6 days, 5 nights, such was not a part of his sentencing as being a prisoner of the State.

(Id. at 2-3.) Plaintiff appears to contend that McKie's "enforced policies denied [Plaintiff] access to the courts for well over 57 days," and that he was falsely imprisoned. (Id. at 4.) Plaintiff may also be attempting to claim that his sentence is expired. (Dkt. No. 62-1 at 2 of 4.) Plaintiff filed copies of several grievances along with his Response in Opposition.

In his "Motion for Summary Judgment and Request for Discovery" (Dkt. No. 49), Plaintiff contends that the "evidence substantiates the Defendant['s] enforcement of operations, of his official capacity, holds him individually responsible, for the Plaintiff being deprived of federally guaranteed rights." (Dkt. No. 49 at 1 of 2.) Plaintiff contends that he is "charging" McKie with "deliberate indifference to an inmate's safety needs." (Dkt. No. 49-1 at 1 of 6.) Plaintiff states that Defendant "subjected Plaintiff to the deprivation of basic

5

human needs, so sufficiently serious" as to reveal a culpable state of mind. (Id. at 2-3.) According to Plaintiff, Grievance "KCI0664-11, dated 4-22-11," which is just "one grievance[] out of numerous" grievances, and one "he finally responded to," said "Inmate Singleton you've been transferred[;] take up your 77 days of grieving with Evans." (Id. at 3.) Plaintiff complains of "Kirkland's staff depriving [him of] access to courts" and "deprivation of adequate food." (See id.; id. at 6.)

## B.  Exhaustion of Administrative Remedies

As noted above, Defendant McKie moves for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though the plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 18 Fed. App'x 243 (4th Cir. Sept. 18, 2001) (applying Booth v. Churner to affirm the district court's denial of relief to the plaintiff).

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. "[W]hen prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality." Zander v. Lappin, 415 Fed. App'x 491, 492 (4th Cir. Mar. 10, 2011) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). The district court is "obligated to ensure that any defects in exhaustion were not

6

procured from the action or inaction of prison officials." Id. (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

In the instant case, Defendant contends Plaintiff filed two Step 1 grievances (KCI 0275-11 filed March 7, 2011, and KCI 0351-11 filed March 9, 2011), but that both were returned unprocessed because Plaintiff failed to pursue an informal resolution and failed to sign the grievances. (See Hardin Aff. ¶¶ 6, 8; see also Dkt. No. 55 at 2-3.) Defendant also presented evidence that "the instant action was filed on or about March 22, 2011, just fifteen (15) days after Plaintiff filed the first of his grievances." (Hardin Aff. ¶ 7.)

As noted above, Plaintiff filed several grievances and other documents with his Response in Opposition to Defendant's Motion for Summary Judgement. (See generally Dkt. No. 62-3.) Plaintiff dated his Complaint March 18, 2011. (See Dkt. No. 1 at 2 of 2.) Of all the grievances Plaintiff filed with his Response, two were filed before March 18, 2011; one is not dated by Plaintiff but is marked received March 28, 2011. (See Dkt. No. 62-3 at 6 of 15; Dkt. No. 63-2 at 8 of 15; Dkt. No. 63-2 at 11 of 15.) All other grievances Plaintiff attached to his Response in Opposition were filed after March 18, 2011.[1]

In Grievance KCI-0296-11, dated received on March 7, 2011, Plaintiff complains about his conviction and states that he is "seeking this institution's assistance in having [him] brought before a judicial panel of the state, authorized to have ordered [his] immediate restoration of liberty." (Dkt. No. 63-2 at 8 of 15.) The grievance was returned unprocessed;

---

[1] A plaintiff is not permitted to exhaust his administrative remedies while his lawsuit is pending; the PLRA requires administrative remedies to be exhausted prior to filing suit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) (prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner ... may not exhaust administrative remedies during the pendency of the federal suit."); Grier v. Mitchell, No. 9:11-0042-TMC, 2011 WL 5517242, at *1 (D.S.C. Nov. 1, 2011) ("[E]xhaustion is a precondition to filing suit in federal court." (citing Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008))); Johnson v. Ozmint, 567 F. Supp. 2d 806, 815 (D.S.C. 2008).

7

it stated, "not within SCDC jurisdiction. You need to contact that court that sentenced you." (Id.)

Grievance KCI-0275-11, which was not dated or signed by Plaintiff, is dated received on March 7, 2011. (Dkt. No. 62-3 at 11 of 15.) In it, Plaintiff complains about the following issues: being held in a cell for 23 hours; the food; the amount of time he has to eat his food; denial of access to law library; and the "sorry quality of pens available." (Id.) The grievance was returned unprocessed on March 7, 2011, because Plaintiff "can only file 1 issue per grievance" and Plaintiff failed to sign and date the grievance. (Id.) Plaintiff was given five days to correct the grievance. (Id.)

Grievance No. KCI-0466-11, which was not dated by Plaintiff but was dated received on March 28, 2011, was returned to Plaintiff unprocessed for several reasons. (Dkt. No. 62-3 at 6 of 15.) The grievance was returned unprocessed on March 28, 2011; it stated,

> Unprocessed Refer GA-01.12
> (1) You must be specific–dates–names–etc.
> (2) You must attempt an informal resolution with the appropriate supervisor–food service director.
> (3) You must sign and date the grievance.
> You have five days to return this grievance with a new properly completed grievance.
> Due:     4/10/11

(Id.) In KCI-0466-11, Plaintiff complains about the food at KCI, indicating that he was "just returning from a 6 day hospital stay for being food poisoned." (Id.)

The undersigned recommends granting Defendant's Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies prior to filing suit, and there is no evidence that prison officials prevented Plaintiff from such exhaustion. The evidence in the record reveals that the only relevant grievances Plaintiff filed prior to instituting the instant action were all Step 1 Grievances and were all returned unprocessed. On all of these unprocessed grievances, Plaintiff was given five days on each one to correct the deficiency

8

but failed to do so. Plaintiff also failed to file any Step 2 Grievances prior to filing the instant action.

While Plaintiff complains that prison officials failed "to respond to the Plaintiff's submitted requests and grievances from the week of his arrival," the evidence reveals that Plaintiff's grievances were returned unprocessed, and Plaintiff failed to correct the deficiencies. (See Dkt. No. 1.) "The fact that a grievance was unprocessed, without more, is insufficient to show that [the prison officials] prevented [the Plaintiff] from exhausting his administrative remedies." Bryan v. S.C. Dept. of Corrs., No. 4:08-cv-1590-TLW-TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16, 2009); see also Peoples v. SCDC, C/A No. 8:07-2897-CMC-BHH, 2008 WL 1902718, at *1 (D.S.C. Apr. 28, 2008). A returned and unprocessed grievance does not necessarily render remedies "unavailable." See Peoples, 2008 WL 1902718, at *1; see also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Plaintiff was free to correct the deficiencies, file a Step 2 Grievance, or otherwise appeal the determination of his Step 1 Grievances. Plaintiff did not do so. The undersigned therefore recommends granting McKie's Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies.

**C.      Other Grounds for Summary Judgment**

In the event the District Judge does not agree with the undersigned regarding exhaustion of administrative remedies, the undersigned recommends, in the alternative, granting summary judgment for several other reasons. Plaintiff has not shown any personal involvement of Defendant McKie. Instead, Plaintiff appears to seek to hold McKie liable for the alleged violations of Plaintiff's constitutional rights simply because McKie is Warden. In a § 1983 action, however, "liability is personal, based upon each defendant's own

constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). There is no evidence in the record that Defendant McKie himself violated any of Plaintiff's constitutional rights. Moreover, to the extent Plaintiff attempts to hold McKie liable due to his position as Warden, that attempt fails, as the doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-99 (4th Cir. 1977); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").

Although "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984) (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." Id. at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Id. (citations omitted).

There is no evidence in the record that would support holding McKie liable under a theory of supervisory liability. Although Plaintiff contends he required a hospital stay as a result of food poisoning, there is no evidence to suggest this event was anything but an isolated incident. See Blakely v. Ozmint, C/A No. 4:07-0798-MBS-TER, 2007 WL 2022195, at *2 n.2 (D.S.C. July 9, 2007); cf. Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987). For all of the above-stated reasons, the undersigned recommends granting McKie's Motion for Summary Judgment (Dkt. No. 43) and denying Plaintiff's "Motion for Summary Judgment and Request for Discovery" (Dkt. No. 49).[2]

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Dkt. No. 43) be GRANTED, and that Plaintiff's "Motion for Summary Judgment and Request for Discovery" (Dkt. No. 49) be DENIED. It is further RECOMMENDED that Defendants Mr. William Byers, Ms. Lighsner, Mr. D. Wesley, and Dr. John Doe be DISMISSED without prejudice, and that this case be closed.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

March 9, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[2]The undersigned notes that four additional Defendants appear on the docket: Mr. William Byers, Ms. Lighsner, Mr. D. Wesley, and Dr. John Doe. In light of the undersigned's ruling on the Motion to Amend/Correct Complaint (see Dkt. No. 35), and Judge Harwell's Order of October 24, 2011 (Dkt. No. 47), the undersigned recommends dismissing these four Defendants without prejudice.

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).